

FILED
CLERK

2016 JUN 21  PM 3: 47

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MKM:RTP/MTK
F. #2016000029

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 21, 2016

**TO BE FILED UNDER SEAL**

CR 16    341

Clerk of the Court
(for forwarding to randomly assigned U.S. District Judge)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

KORMAN, J.

BLOOM, M.J.

Re:    United States v. Kareen Brown

Dear Clerk of the Court:

      The government respectfully submits this letter to inform the Court that the parties in the above-captioned case expect the defendant Kareen Brown to waive indictment and plead guilty to an information charging him with racketeering, in violation of 18 U.S.C. § 1962(c), racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), carjacking, in violation of 18 U.S.C. § 2119, unlawful use of a firearm, in violation of 18 U.S.C. § 924(c), and firearms trafficking in violation of 18 U.S.C. § 922(a)(1)(A). Copies of the proposed information and cooperation agreement will be provided to the Court under separate cover.

      For the reasons set forth below, the government respectfully moves the Court to substitute the name "John Doe" for the defendant's name on the docket sheet, Court calendars and all documents not filed under seal, as well as remove the defendant's name from any publicly accessible database maintained by the Federal Bureau of Prisons ("BOP").[1] The government further requests that the information to be filed in this case, which will contain the defendant's true name, be filed under seal. In connection with that motion, the government respectfully requests that the Court enter the enclosed proposed order.

---

[1] At this time, the government is not requesting that the courtroom be sealed for the forthcoming guilty plea or any other proceeding.

I.  Background

The defendant was arrested on a complaint on January 12, 2016. See United States v. Kareen Brown, 16-M-21 (E.D.N.Y.). Since that date, the defendant has remained in custody. After his arrest, the defendant began cooperating with the government. As part of his cooperation, the defendant intends to consent to dismissal without prejudice of the complaint and plead guilty to an information that alleges, among other things, his participation in a racketeering enterprise engaging primarily in violent robberies and operating throughout New York City. The defendant's cooperation has not yet been revealed. The government seeks to minimize the risk to which the defendant will be exposed if he is disclosed prematurely as a cooperating witness. Since he began meeting with the government, the defendant has provided detailed information regarding his involvement and the involvement of others in criminal activities related to the racketeering enterprise.

If the defendant's name or the information to which he intends to plead guilty are publicly available on the docket or within the records of the BOP, the defendant's cooperation would become readily apparent, and significant compelling interests would be prejudiced. Revealing the information or the defendant's name on the public docket would place the defendant and his family in significant danger, as the risk that others will seek to retaliate against the defendant or his family members will increase substantially.

II.  Analysis

The government respectfully submits that filing the information to which the defendant has agreed to plead guilty under seal and substituting the name "John Doe" for the defendant's name on the docket sheet, Court calendars and all documents not filed under seal is an appropriate means to protect the safety of the defendant and his family. The Second Circuit has found that danger to persons or property is a compelling interest that may outweigh the public's qualified right to access court proceedings or documents. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988). In addition, revealing the defendant's cooperation would likely harm the ability of law enforcement to secure current and future cooperation from persons similarly situated to the defendant, a compelling interest that also weighs against public disclosure. United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995).

Here, the parties' compelling interests outweigh the public's qualified right to access the defendant's name and certain documents filed in this case, and in publicly accessible BOP records. By authorizing the sealing of the information and the substitution of the name "John Doe" for the defendant's name on the docket sheet and any entries thereon, the Court's calendar and public court documents, the Court can protect the parties' interests in a "narrowly tailored" manner, Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d Cir. 2006), while "avoid[ing] sealing documents in their entirety unless necessary." United States v.

Aref, 533 F.3d 72, 83 (2d Cir. 2008). The sealing can be further tailored by requiring the parties to move to substitute the defendant's true name for "John Doe" on the docket sheet and all documents not filed under seal when the parties' compelling interests no longer outweigh the public's qualified right to access.

III. Conclusion

For the reasons set forth above, the government respectfully requests that the that the Court enter the enclosed order. Counsel for the defendant, Jan Rostal, Esq., joins in this letter and all motions and applications contained herein.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:    /s/
     Rena T. Paul
     Michael T. Keilty
     Assistant U.S. Attorneys
     (718) 254-7575/7528

cc: Jan Rostal, Esq. (By E-mail)

3